**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| NORMAN WOOTEN, INC. ) | Civ. Action No.: 3:17-cv-164-CRS |
| ) | |
| Plaintiff, ) | Div.: Louisville |
| ) | |
| v. ) | Sec.: |
| ) | |
| WALSH CONSTRUCTION COMPANY ) | |
| WALSH CONSTRUCTION COMPANY ) | |
| II, LLC ) | |
| VINCI CONSTRUCTION GRAND ) | |
| PROJECTS, INC. ) | |
| ) | Judge: Senior Judge Charles R. Simpson III |
| Defendants. ) | |
| ) | Magistrate: Magistrate Judge Colin H. Lindsay |
| ) | |
| ) | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

Comes now Plaintiff, Norman Wooten, Inc., through counsel, and for its Complaint

against Walsh Construction Company, Walsh Construction Company II, LLC, and Vinci

Construction Grand Projects, Inc. states as follows:

### A.  Parties

1.      Plaintiff, Norman Wooten, Inc. (hereinafter "Wooten"), is a for-profit corporation that is

organized under the laws of the Commonwealth of Kentucky.  Plaintiff provides fuel and

supplies to commercial vessels engaged in navigation on the Ohio River near Louisville,

Kentucky, at Ohio River Mile 599.3.

2.      Defendant, Walsh Construction Company is a for-profit corporation organized under the laws of Illinois.  Upon information and belief, Defendant, Walsh Construction Company, is engaged in the construction of a new bridge across the Ohio River near Louisville, Kentucky, at Ohio River Mile 595, commonly known as the East End Crossing.  Defendant, Walsh Construction Company is registered to do business in the Commonwealth of Kentucky and may be served with process by serving its registered agent, Corporation Service Company, at 421 West Main Street, Frankfort, Kentucky 40601.

3.      Defendant, Walsh Construction Company II, LLC is a limited liability company organized under the laws of the Illinois.  Upon information and belief, Defendant, Walsh Construction Company II, LLC, is engaged in the construction of a new bridge across the Ohio River near Louisville, Kentucky, at Ohio River Mile 595, commonly known as the East End Crossing.  Defendant, Walsh Construction Company II, LLC is registered to do business in the Commonwealth of Kentucky and may be served with process by serving its registered agent, Corporation Service Company, at 421 West Main Street, Frankfort, Kentucky 40601.

4.      Defendant, Vinci Construction Grand Projects, Inc. is a for-profit corporation organized under the laws of France.  Upon information and belief, Defendant, Vinci Construction Grand Projects, Inc., is engaged in the construction of a new bridge across the Ohio River near Louisville, Kentucky, at Ohio River Mile 595, commonly known as the East End Crossing. Defendant, Vinci Construction Grand Projects, Inc. is registered to do business in the Commonwealth of Kentucky and may be served with process by serving its registered agent, Capital Corporate Services, Inc. 828 Allen Road, Suite 219, Lexington, Kentucky 40504.

## B.  Jurisdiction

5.      As more fully set forth *infra*, Wooten was damaged as a result of an allision that occurred

on or about March 16, 2015 when Wooten's moored office/stores barge was struck by a flotilla

of intertwined drift wood and debris that was launched into the Ohio River by Defendants.  As a

result, this civil action arises under the Court's Admiralty and Maritime Jurisdiction pursuant to

28 U.S.C. §1333(1), and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

## C.  Venue

6.      Venue is proper in this district under 28 U.S.C. §1391(b)(1)-(2) because Plaintiff resides

in this district and a substantial part of the events or omissions giving rise to this claim occurred

in the Louisville jury division of this district.

## D.  Facts

7.      On or about March 16, 2015, Wooten's office/stores barge was moored at Wooten's

facility at Ohio River Mile 599.3, approximately four miles downstream from the East End

Crossing.

8.      Upon information and belief, on or about March 16, 2015, naturally occurring drift

material had accumulated on Defendants' facility located on the Indiana shore at Ohio River

Mile 595, at the East End Crossing.

9.      Upon information and belief, on or about March 16, 2015, Defendants' used towboats

and heavy equipment to dislodge and launch into the Ohio River a large flotilla of intertwined

drift wood and debris.

10.     Upon information and belief, officials from the City of Utica, Indian, noticed the flotilla

of intertwined drift wood and debris passing close to its shoreline at Ohio River Mile 596.5.

Further that the City of Utica sought the advice of a land surveyor who was present at the time

and said surveyor estimated that the flotilla of intertwined drift wood and debris has a continuous area of approximately six (6) acres.

11.    On March 16, 2015, a large flotilla of intertwined drift wood and debris allided with Wooten's moored office/stores barge.  The impact was severe enough to raise the raked bow of the office/stores barge by approximately 2 feet, dislodge a mooring deadman, bend and dislodge a spud and dislodge the access ramp leading from the office/stores barge to the river bank.  All of the aforesaid damaged components had heretofore been capable of withstanding all of the normal, naturally occurring rigors of the Ohio River for more than a decade.

12.    Immediately after the allision, Wooten placed a telephone call to the United States Coast Guard, Sector Ohio Valley, to allow the Coast Guard to put out a warning to mariners and facilities that might be in the path of the large flotilla of intertwined drift wood and debris.

13.    Upon information and belief, on March 16, 2015, subsequent to the allision wherein Wooten suffered its damages, the large flotilla of intertwined drift wood and debris allided with a fleet operated by the CGB Enterprises, Inc. located at Ohio River Mile 600.8 resulting in the complete up-rooting of a deadman and subsequent partial break-away of that fleet.

14.    A few days after the Wooten allision, Riverlands Marine Surveyors and Consultant, Inc. was retained by Wooten to perform a survey of the damages to their office/stores barge and to ascertain the costs and damages associated with the allision.

### E.  First Cause of Action for Negligence

15.    The casualty and Wooten's resulting damages proximately were caused by Defendants' acts and/or omissions including, but not limited to, the failure and/or refusal to ratably de-drift its facility over a period of time so as to avoid the release of a large, destructive flotilla of intertwined drift wood and debris.

16.     Defendants' had a duty to act in a reasonable manner when de-drifting its facility.  It is clearly foreseeable that Defendants' down-stream neighbors could and would be damaged by their action of launching an unreasonably large flotilla of intertwined drift wood and debris into the navigation channel of the Ohio River.  Defendants breached that duty, and in so doing, caused injuries to and monetary losses for Wooten.

## F.  Second Cause of Action for Negligence Per Se

17.     The casualty and Wooten's resulting damages proximately were caused by Defendants' acts and/or omissions including, but not limited to, the failure and/or refusal to ratably de-drift its facility over a period of time so as to avoid the release of a large, destructive flotilla of intertwined drift wood and debris, and such actions are violative of certain applicable statues, rules, and/or regulations, including but not limited to 33 CFR § 83.02; United States Coast Guard Bridge Permit 4-13-8, issued May 3, 2013; United States Army Corps of Engineers permit LRL-2011-375, including its modifications issued May 16, 2013 and July 22, 2015; and including all regulations and rules referenced in those USCG and USACE documents.

18.     The statutes, rules, and/or regulations cited above provide for criminal penalties if violated; Wooten suffered the kind of harm that the statute, rule, and/or regulation was designed to prevent; and, Wooten is a member of the class of entities intended to be protected by the statute, rule, and/or regulation.

## G.  Res Ipsa Loquitur

19.     Wooten cannot more specifically allege Defendants' respective acts and/or omissions constituting negligence.  Wooten invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the casualty was such that it would not have happened in the absence of

negligence, and the instrumentality causing the occurrence exclusively was within Defendants' control before it was launched into the navigation channel of the Ohio River by Defendants.

## G.  CAUSATION

20.    The foregoing acts of negligence, and statutory violations by Defendants were the legal cause of the allision, and Wooten's resulting damages.  Wooten specifically pleads the legal presumption of fault otherwise known as *THE OREGON* and the legal presumption of causation otherwise known as *THE PENNSYLVANIA*.

## H. Damages

21.    As a direct and proximate result of Defendant's actions and/or inactions, Plaintiff suffered the following damages:

    a.    The costs of repairs to Wooten's mooring spud, access ramp and deadman.
    b.    The cost to ascertain the nature, extent and recommended repairs of damages sustained by Wooten.
    c.    Loss of business and disruption of business that Wooten suffered while recovering from the effects of the allision and from effecting repairs required as a result of the collision.
    d.    Interest expense dating from March 16, 2015.

Wooten has made a demand for damages to Defendants and Defendants have refused to pay.

## I.  Attorney's Fees

22.    As a result of Defendants' tortuous actions and refusal to stand good for the results of its negligent acts, Plaintiff was forced to retain an attorney and hereby seeks reimbursement for its reasonable attorney's fees.

## J.  Prayer

23.    For these reasons, Plaintiff respectfully requests that the Court grant *in personam* judgment against Defendant for the following:

a.       Damages resulting from Defendants' negligence.

b.       Actual damages.

c.       Punitive damages to deter Defendants from repeating the negligent acts as stated herein. .

d.       Reasonable attorney's fees.

e.       Prejudgment and post judgment interest.

f.       Costs of suit.

g.       All other relief the court deems appropriate.

Respectfully Submitted,

By:     /s/ Robert P. Herre

Robert P. Herre (Bar # 85914)
222 Pearl Street
Suite 202
New Albany, IN  47150
Telephone:  (502) 895-7898
rpherre@aol.com

**Attorney for Plaintiff, Norman Wooten, Inc.**